IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| OSAGE WATER CO., ) | Case No. 04-20546-7-drd |
| ) | |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on the motion of Osage Water Company ("Debtor" or "Osage") to dismiss its bankruptcy case. In response to Debtor's motion to dismiss, the Missouri Public Service Commission (the "PSC") filed a response stating that it did not oppose dismissal of the bankruptcy petition but contending that Debtor filed its bankruptcy petition in bad faith and requesting that the Court award it attorneys' fees and prohibit Debtor from filing a subsequent bankruptcy for a minimum of 180 days. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(A). For the reasons set forth below, the Court sustains the motion to dismiss Debtor's bankruptcy case, denies the PSC's request for attorneys' fees and costs, and grants the PSC's request that Debtor be prohibited from filing a subsequent bankruptcy petition for 180 days.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Debtor operates as a water company in Missouri. Prior to the filing of its bankruptcy petition, the PSC filed an action in the Circuit Court of Camden County, Missouri seeking to have a receiver appointed to oversee Osage's operations. The president of Osage testified that the company had been in negotiations to sell the company prior to the time that the PSC filed the receivership action. On the

last day of the trial in the receivership proceedings, Osage determined that it would be in its best interest to attempt to complete a sale of the company under the supervision of a Chapter 7 trustee rather than a receiver.

On March 9, 2004, Osage filed a Chapter 7 bankruptcy petition in this Court. In the middle of the PSC's closing arguments in the circuit court, the judge received notice of Debtor's bankruptcy filing. The PSC argued that the automatic stay was not applicable but the circuit court determined that the litigation should be stayed. Although the circuit court stayed the proceedings, it later stated that had it been able to rule it would have delayed imposition of its ruling in order to give the parties time to finalize a sale of Osage. Upon learning that the circuit court would allow it time to attempt to sell the company without appointing a receiver, Debtor determined that the sale process would be expedited if it dismissed its bankruptcy case and, on March 10, 2004, filed a motion to dismiss. The PSC filed a response to Debtor's motion to dismiss and stated that it did not object to the dismissal of the case but requested that it be awarded attorneys' fees for the time its attorneys spent preparing for the possibility of a bankruptcy filing, responding to the petition and for additional time it will be required to expend at the resumed receivership proceedings. The PSC contended that it was entitled to its attorneys' fees because Debtor filed the bankruptcy petition in bad faith in that it was done solely to frustrate the PSC's attempt to appoint a receiver. The PSC also requested that Debtor be prohibited from filing a subsequent bankruptcy case for a minimum of 180 days.

At the hearing on the motion to dismiss, Debtor's president denied that Debtor had filed the petition in bad faith. He testified that he believed that the sale of the company would proceed most efficiently under the supervision of a Chapter 7 trustee rather than a receiver and, once he learned that

the circuit court would refrain from appointing a receiver while Debtor attempted to finalize the sale of the company, that the bankruptcy was no longer necessary to expeditiously complete the sale.

## II. DISCUSSION AND ANALYSIS

### A. Motion to Dismiss

11 U.S.C. § 707(a) provides that a court may dismiss a case under Chapter 7 only after notice and a hearing and only "for cause." Courts have held that this provision applies to voluntary dismissals. *See In re Turpen,* 244 B.R. 431, 433 (B.A.P. 8th Cir. 2000). Unlike under Chapter 13, the debtor has no absolute right to dismissal of a Chapter 7 case. *In re Klein,* 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984) ("While a debtor may voluntarily choose to place himself in bankruptcy, he does not enjoy the same discretion to withdraw his case once it has been commenced."); *Leach v. United States* (*In re Leach*), 130 B.R. 855, 857 n. 5 (B.A.P. 9th Cir. 1991). In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified. *See In re Maixner*, 288 B.R. 815, 817 (B.A.P. 8th Cir. 2003). Even if the debtor can show cause, the court should deny the motion if there is any showing of prejudice to creditors. *Id.*; *In re Haney,* 241 B.R. 430, 432 (Bankr. E.D. Ark. 1999).

Courts generally consider the following factors when ruling on a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in a prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending. *Id.* Creditors can incur prejudice if the motion to dismiss is brought after the passage

of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. *Id.*

In this case, the Debtor, Chapter 7 trustee and the PSC have agreed to the dismissal of the Chapter 7 bankruptcy petition.[1] It does not appear that dismissal of Debtor's petition will prejudice any of its creditors either by delay in payment or reordering of priorities. Based on Debtor's president's testimony, if the bankruptcy case is dismissed, Debtor will be able to finalize a sale of the company and presumably use any sale proceeds to pay its creditors. Debtor filed its motion to dismiss the day after it filed its petition so the minimal delay in the receivership proceeding did not prejudice the PSC or other creditors. There is no preference or other avoidance claim pending. Objections to discharge or exemptions are not relevant in the corporate context. Debtor has demonstrated to the Court that it would be in the best interest of Debtor, its creditors and its customers to dismiss the bankruptcy petition in order to allow Debtor to attempt to finalize the sale of Osage Water Company outside of the bankruptcy process.

B. Request for Attorneys' Fees and Costs

The PSC, although it did not object to the dismissal of Debtor's bankruptcy petition, did request that the Court enter an order assessing sanctions against Debtor because Debtor filed its

---

[1] Creditor Summit Financial filed an objection to the motion to dismiss prior to the hearing but did not appear at the hearing. In its objection, it alleged that Debtor misstated various property values on its schedules and failed to list Summit as a creditor. However, no evidence was presented to support such allegations. Summit also complains about the delay resulting from the filing and dismissal. The Court, however, as observed above, believes that has been minimal. Finally, Summit contends the dismissal will deprive creditors of the opportunity to "clarify" Debtor's financial situation. After dismissal, however, Debtor will still be under judicial supervision and will either be sold or operated under the auspices of a court-appointed receiver.

bankruptcy petition in bad faith.  The PSC asserted that since Debtor filed a motion to dismiss its bankruptcy petition the day after the circuit court proceedings halted, Debtor must have used the bankruptcy court solely to stop the state court proceeding.  The PSC contends that such a use of the Bankruptcy Code is in bad faith, that its attorneys incurred time and expense determining the bankruptcy implications of Debtor's filing, and that consumers of Osage continued to receive inadequate service due to the automatic stay halting the receivership proceedings.  Debtor responded that it believed it was in the best interest of Osage to file its bankruptcy petition so that a trustee could oversee its sale rather operate through a receiver.  Upon learning that the circuit court would allow Osage time to finalize its sale and not immediately place it in receivership, the protections of the Bankruptcy Code were no longer necessary.  The PSC contended that a receiver could have sold the company in the same way that a trustee could so that Debtor did not receive a benefit from its bankruptcy filing and only slowed down the receivership litigation.

Bad faith filing of a Chapter 7 petition would be evidenced by a pervasive and orchestrated effort on the part of the debtor to obtain the benefits of a bankruptcy filing while at the same time intentionally and fraudulently taking action to avoid any of the detriments.  *In re Kahn*, 172 B.R. 613, 625 (Bankr. D. Minn. 1994); *see also, In re Causey*, 211 B.R. 336, 337 (Bankr. W.D. Ark. 1997) (listing factors utilized to determine whether Chapter 7 case filed in bad faith).  Bad faith may be found when the debtor has a frivolous, noneconomic motive for filing a bankruptcy petition, a sinister or unworthy purpose or the filing is an abuse of the judicial process.  Where the debtor is merely taking advantage of its legal rights is not sufficient to support a finding of bad faith.  *In re Huckfeldt*, 39 F.3d 829, 832 n. 4 (8th Cir. 1994); *In re Christiansen*, 251 B.R. 69, 72 (Bankr. W.D. Mo. 2000) (citing 4

Collier on Bankruptcy ¶ 707.03 (15th ed. 1992)).

Here, although Debtor filed its petition immediately prior to the conclusion of the state court receivership proceeding and imposed the automatic stay on the proceedings, Debtor was merely taking advantage of its legal rights under the Bankruptcy Code. Debtor apparently was willing to subject itself to a sale and liquidation as evidenced by its decision to file under Chapter 7. Similarly, Debtor's decision to file bankruptcy was not motivated by a desire to retain control of the company, otherwise it presumably would have filed under Chapter 11. The fact that Debtor used its business judgment and determined that the sale of Osage would be handled better by a bankruptcy trustee than a receiver and chose to file a bankruptcy petition in order to stay the receivership litigation does not rise to the level of a bad faith filing. This motive was not frivolous, sinister, nor an abuse of the judicial process. Thus, the Court denies the PSC's request for attorneys' fees and costs.

### C. Request for 180-day Bar to Refiling

The PSC also requested that the Court enter an order preventing Debtor from filing another bankruptcy petition for a minimum of 180 days. The PSC contended that this was necessary in order for either the sale to be completed or for a receiver to be appointed without any further delays. The United States Trustee joined in this request. Although it has not explicitly consented, Debtor does not appear to object to that request.

The 180 day injunction provided by § 109(g) does not apply because Debtor did not fail to abide by an order of the court nor did Debtor request the dismissal of its case following a creditor's request for relief from the automatic stay. *See* 11 U.S.C. § 109(g). However, courts have determined that §§ 105(a) and 349(a) empower bankruptcy courts to enjoin future filings if cause exists to do so.

*See, e.g., In re Rusher*, 283 B.R. 544, 547-48 (Bankr. W.D. Mo. 2002) (prohibiting serial filer from refiling for period of three years).

In this case, the Court does not find that the petition was filed in bad faith, however, the Court does believe that Debtor's creditors and customers are entitled to have either the company sold or the receivership proceedings completed expeditiously.  Having had the opportunity to avail itself of whatever benefits the Bankruptcy Code might provide and deciding to forego them, Debtor should not be permitted to resort again to the bankruptcy court in the near future.  For those reasons, the Court will grant the PSC's request to enjoin Debtor from filing another bankruptcy petition for a period of 180 days.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that Debtor has established "cause" for granting the motion to dismiss its case.  The Court further finds that the Missouri Public Service Commission is not entitled to an award of its attorneys' fees, but that cause exists to enjoin Debtor from filing another bankruptcy petition for 180 days.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Rule 9014(c) and Rule 7052 of the Federal Rules of Bankruptcy Procedure.  A separate Order shall be entered pursuant to Rule 9021.

/s/ Dennis R. Dow

Bankruptcy Judge

Date:	April 29th, 2004

Copies to:

    Charles F. Johnson
    Christie A. Kincannon
    George T. Johnson, Chapter 7 Trustee
    Sherri L. Wattenbarger, U.S. Trustee
    Faye M. Coultas